# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HIDDEN LAKE ACADEMY, INC. | ) | CASE NO. 09-22028 |
| | ) | |
| | ) | |
| Debtor. | ) | JUDGE BRIZENDINE |

## MOTION REQUESTING ENTRY OF ORDER AUTHORIZING PAYMENT OF PREPETITION WAGES, SALARIES, AND TAXES AND REQUEST FOR EXPEDITED HEARING

COMES NOW HIDDEN LAKE ACADEMY, INC. ("Debtor") and hereby files this "Motion Requesting Entry of Order Authorizing Payment of Prepetition Wages, Salaries, and Taxes and Request for Expedited Hearing" (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a).

### Background

2. On May 14, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3. Debtor is a Georgia non-profit corporation and its primary place of business is located at 830 Hidden Lake Road, Dahlonega, Georgia

4. Dr. Leonard Buccellato is the Debtor's CEO and sole shareholder.

5. Debtor owns approximately 196 acres of land in Lumpkin County Georgia. There are 23 buildings on the property and a therapeutic school operated by an affiliate of the Debtor, HLA, Inc. ("HLA") and certain programs for juveniles associated with the Georgia juvenile justice system run by a non debtor affiliate of the Debtor.

6. The Debtor's employees provide management services to HLA and are comprised of individual department heads.

## Relief Requested

7. By this Motion, the Debtor requests that this Court enter an Order, under sections 507(a)(3), 507(a)(4) and 105(a) of the Bankruptcy Code authorizing the Debtor to (i) pay to certain employees their accrued prepetition wages, if any, on regularly scheduled post-petition pay dates and pay employees terminated post-petition any severance benefits that may come due, (ii) confirming the Debtor's authority to pay withholding and payroll-related taxes; (iii) directing all banks to honor prepetition checks for payment of prepetition employee claims; and (iv) authorizing payment of prepetition health care benefits.

## Basis for Relief

8. As of the Petition Date, the Debtor employed 12 employees on either an hourly or salary basis. Employees are paid on the 15th and the last day of the month. The payroll to be paid on Friday, May 15, represents payment for the period from May 1 through and including May 15. The payroll to be paid on the 15th represents payment for 13 days of pre-petition services provided by employees of the Debtor.

9. Net payroll for the period ending May 15, 2009 is approximately $15,465.43 exclusive of applicable taxes. The federal and state payroll taxes due for the pay period ending May 15, 2009, total approximately $3,860.00. The Debtor seeks authority to pay any such estimated payroll tax obligations and unemployment taxes plus, any additional amounts which Debtor may not be aware of.

10. The Debtor also deducts certain amounts from its employees wages to pay for optional items such as insurance premiums, flex spending accounts, supplemental insurance (Aflac/MoO), garnishments, and child support. The Debtor seeks authority to deduct these amounts and pay them to the appropriate administrator. The total approximate of other deductions for the period ending May 15, 2009, is $1,095.71.

## Applicable Authority

11. Pursuant to sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, a debtor's employee's claim for "wages, salaries, or commissions, including vacation, severance and sick leave pay" earned within 180 days before the Petition Date, and claims against the Debtor for contributions to employee benefit plans arising from services rendered within 180 days before the Petition Date, are afforded unsecured priority status to the extent of $10,000.00 per employee. 11 U.S.C. § 507(a)(3), (a)(4). Furthermore, section 363(b) of the Bankruptcy Code provides that the debtor in possession, "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code further provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

12. The Debtor believes that the unpaid salaries and wages constitute priority claims under sections 507(a)(4) and (a)(5) of the Bankruptcy Code because the highest paid employee will be paid $2,812.50. The Debtor submits, however, that to the extent any employee is owed in excess of $10,000.00 on account of Prepetition Employee Obligations, payment of such amount is necessary and appropriate and is authorized under section 105(a) pursuant to the "necessity of payment" doctrine, which "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor." Duparquet, Inc. v. Local Union No. 3, Int'l Bd. Of Elec. Workers, 386 F.2d 649 (2d Cir. 1967) (separation pay obligations arising in connection with a post-petition employee lay-off are administrative claims).

13. Here, the post-petition stability of the Debtor's workforce is integrally tied to the Debtors' ability to continue its business operations and to reorganize its business and financial affairs. Any delay in payments to employees will impact the Debtor's relationship with essential workers and may irreparably harm employee morale, dedication, confidence, and cooperation and cause irreparable harm to the Debtor's operations. The support and efforts of the Debtor's workforce during the pendency of the case is critical to the Debtor's ability to maximize the value of its estate. At this early stage, the Debtor cannot risk losing the critical mass of its personnel or suffering the substantial damage to the business that would inevitably result from any decline in employee morale.

14. In addition, for many of the employees, the wages received from the Debtor is needed to enable the employees to meet their own financial obligations. As a

result, absent an order granting the relief requested in this Motion, the employees and their families are likely to suffer personal hardship and, in many instances, serious financial difficulties.

15. Similar relief to the relief requested herein has been granted in this and other courts. <u>See</u>, <u>e.g.</u>, <u>In re Tower Automotive, Inc.</u>, Case No. 05-10578 (Bankr. S.D.N.Y. Feb. 3, 2005); <u>In re Interstate Bakeries Corp.</u>, Case No. 04-45814 (Bankr. W.D. Mo. Sept. 24, 2004); <u>In re Git-N-Go, Inc.</u>, Case No. 04-10509 (Bankr. N.D. Okla. Feb. 13, 2004); <u>In re Westpoint Stevens, Inc.</u>, Case No. 03-13532 (Bankr. S.D.N.Y. June 3, 2003); <u>In re The Penn Traffic Company</u>, Case No. 03-22945 (Bankr. S.D.N.Y. May 30, 2003). The Debtor submits that the circumstances of this case warrant similar relief.

### Notice

16. Notice of this Motion will be given to: (i) the Office of the United States Trustee, (iii) BB&T, and (iii) the parties listed on each of the Debtors' twenty (20) largest unsecured creditors list. The Debtor submits that, under the circumstances, no other or further notice is required.

### Request for Expedited Hearing

17. Debtor requests that this Court shorten any applicable notice period and schedule a hearing on this Motion on the earliest available calendar on or before May 15, 2009, at the latest. Maintaining a stable work force is essential to Debtor's reorganizational effort. Failure to pay employees will result in hardship for the employees and their families and seriously jeopardize the Debtor's ability to reorganize..

WHEREFORE, Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto, granting the Motion and such other relief as

may be just and proper.

    Respectfully submitted this 14th day of May, 2009.

                                  ELLENBERG, OGIER, ROTHSCHILD & ROSENFELD, PC

                                  */s/ Barbara Ellis-Monro*
Barbara Ellis-Monro
Georgia Bar No. 246117
170 Mitchell St., SW
Atlanta, Georgia 30303
(404) 525-4000 Telephone
(404) 526-8855 Facsimile
bem@eorrlaw.com

Proposed Counsel for the
Debtor and Debtor in Possession