IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HIDDEN LAKE ACADEMY, INC. | ) | CASE NO. 09-22028-REB |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| HIDDEN LAKE ACADEMY, INC. | ) | |
| | ) | |
|     Movant, | ) | CONTESTED MATTER |
| | ) | |
| vs. | ) | |
| | ) | |
| BRANCH BANKING AND TRUST COMPANY,) | | |
| JILL AND RON RYAN, et. al. | ) | |
|     Respondents. | ) | |
| | ) | |

**MOTION REQUESTING ENTRY OF INTERIM ORDER
AUTHORIZING THE USE OF CASH COLLATERAL AND
SCHEDULING FINAL HEARING ON DEBTOR'S REQUEST
TO USE CASH COLLATERAL**

COMES NOW Hidden Lake Academy (the "Debtor") and hereby files this "Motion Requesting Entry of Interim Order Authorizing the Use of Cash Collateral and Scheduling Final Hearing on Debtor's Request to Use Cash Collateral" (the "Motion"). In support of the Motion, Debtor shows the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. §§ 105(a), 361 and 363.

**Background**

2. On May 14, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, modified, or supplemented the "Bankruptcy Code").

3. Debtor is a Georgia non-profit corporation and its primary place of business is located at 830 Hidden Lake Road, Dahlonega, Georgia

4. Dr. Leonard Buccellato is the Debtor's CEO and sole shareholder.

5. Debtor owns approximately 196 acres of land in Lumpkin County Georgia ("the "Property"). There are 23 buildings on the property and a therapeutic school operated by an affiliate of the Debtor, HLA, Inc. ("HLA"). The Property is also used for certain programs for juveniles associated with the Georgia juvenile justice system which are run by a non debtor affiliate of the Debtor.

6. Pursuant to Bankruptcy Code Sections 1107 and 1108 of the Bankruptcy Code, Debtor continues to operate its business as a debtor-in-possession.

**Liens**

7. On or about September 19, 2006, the Debtor pledged the Property and, among other things, all income rents, leases, royalties, profits, revenues and other benefits of the Property as security for a loan made by respondent, Branch Banking and Trust Company ("BB&T" or "Lender"). BB&T recorded its Georgia Security Deed and Security Agreement and Assignment of Leases and Rents with respect to the Property in the real estate records of Lumpkin County, Georgia on September 20, 2006.

8. The Debtor leases the Property to its affiliate, HLA and will receive monthly rental payments from HLA as set forth in the attached budget. The rental payments constitute cash collateral subject to BB&T's lien.

9. Upon information and belief, Jill and Ron Ryan, judgment creditors ("Plaintiffs") in certain litigation that was pending in the United States District Court for the Northern District of Georgia may asset an interest in the Debtor's cash collateral.

10. Plaintiffs' judgment was the result of a settlement agreement which was then entered as a judgment of the United States District Court, Northern District of Georgia, case no. 2:06-CV-0146-WCO on or about February 18, 2009. Plaintiffs filed a Writ of Execution with the Clerk of Courts for Lumpkin County on March 2, 2009. Plaintiffs interest, if any, in the Debtor's cash collateral is subordinate to BB&T's interest and is avoidable pursuant to 11 U.S.C. §547(b). Debtor, has out of an abundance of caution, named Plaintiffs as respondents in this Motion, even though Plaintiffs' interest, if any, will be not be affected by the Debtors use of cash collateral to make payments to BB&T and payroll for the management services paid to the department heads of HLA (who are employed by the Debtor).

### Relief Requested

11. By this Motion, Debtor requests that the Court issue an interim order authorizing the use of cash collateral to avoid immediate and irreparable harm. The Debtor further requests that the Court schedule a final hearing on cash collateral use and, following such hearing, enter a final order authorizing the continued use of cash collateral.

### Basis for Relief

12. Section 363(c)(2) provides that a debtor in possession may not use cash collateral unless an entity that has an interest in such cash collateral consents or the court approves the use

of such cash collateral. Section 363(o) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor in possession has the burden of proof on the issue of adequate protection. Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral until earlier than 15 days after service of the motion, but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

13. The Debtor has an immediate need to continue the operation of its business. Without the use of cash collateral and the ability to operate, the Debtor will not be able to pay wages, salaries, and payment to its Lender.

14. The entry of an Order granting the Debtor's Motion to use cash collateral will minimize disruption of the Debtor's and HLA's operations, increase the likelihood of a successful reorganization, and is in the best interests of the Debtor's estate and its creditors. Therefore, it is in the interest of no one for any interruption to occur in the operation of such business.

15. Notice pursuant to Federal Rule of Bankruptcy Procedure 4001(b) is being sent to all parties required by such rule. Specifically, notice of this Motion and any hearing thereon shall be provided to each Respondent, the United States Trustee and the parties reflected on the Debtor's List of 20 largest unsecured creditors filed pursuant to Bankruptcy Rule 1007(b). The Debtor requests that the Court schedule a preliminary hearing pursuant to Bankruptcy Rule 4001(b)(2) to authorize the use of cash collateral necessary to avoid immediate and irreparable harm to the Debtor's estate (pending a final hearing). The Debtor requests that the Court

schedule a final hearing on use of cash collateral no earlier than 15 days after service of this Motion.

16. A budget is attached hereto and incorporated herein by reference as Exhibit "A."

17. The Debtor will show that the budget reflect monthly expenses which are reasonable and necessary for the operation of the Debtor's Property.

18. The Debtor will request that the Court approve the expenditures set forth in the budget, on a preliminary basis, through the date of the final hearing on this Motion. At the final hearing on this Motion, the Debtor requests that the Court approve the payment of the expenses set forth on the budget.

WHEREFORE, for all of the above reasons, the Debtor requests that the Court:

(a) Hold a preliminary hearing on this Motion in order that the Debtor may be authorized to pay expenses set forth on the budget until such time as a final hearing may be held, so that immediate and irreparable harm to the estate may be avoided; and

(b) Authorize the Debtor to pay the expenses and other expenditures, as established pursuant to the budget, deemed necessary by the Court to avoid immediate and irreparable harm to the estate; and

(c) Schedule a final hearing on use of cash collateral so that the Debtor may be authorized to pay reasonable and necessary operating expenses through the final hearing; and

  (d)  Grant the Debtor such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED this 21st day of May, 2009.

                ELLENBERG, OGIER, ROTHSCHILD &
                ROSENFELD, PC

                */s/ Barbara Ellis-Monro*
                Barbara Ellis-Monro
                Georgia Bar No. 246117
                170 Mitchell St., SW
                Atlanta, Georgia  30339
                (404) 525-5000
                (404) 526-8855 Facsimile
                bem@eorrlaw.com

                Proposed Attorneys for Debtor and Debtor in Possession

|  |  |  |  |  | EXHIBIT A |  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | **Hidden Lake Budget June 2009 to May 2010** | | | | | | | | | | | | | |
|  | **May 2009** | **June 2009** | **July 2009** | **Aug 2009** | **Sept 2009** | **Oct 2009** | **Nov 2009** | **Dec 2009** | **Jan 2010** | **Feb 2010** | **Mar 2010** | **April 2010** | **May 2010** | **YTD 2009/2010** |
| **Income** | | | | | | | | | | | | | | |
| Rent Income from HLA | 0 | 0 | 37,500 | 37,500 | 37,500 | 37,500 | 37,500 | 37,500 | 37,500 | 37,500 | 37,500 | 37,500 | 37,500 | **37,500** |
| **Total Income** | **0** | **0** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **412,500** |
| **Expenses** | | | | | | | | | | | | | | |
| Hidden Lake Payroll | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | **480,000** |
| Hidden Lake Payroll Taxes | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | 8,000 | **96,000** |
| **Total Payroll** | **48,000** | **48,000** | **48,000** | **48,000** | **48,000** | **48,000** | **48,000** | **48,000** | **48,000** | **48,000** | **48,000** | **48,000** | **48,000** | **576,000** |
| **Transfer Management Fee to HLA** | (48,000) | (48,000) | (48,000) | (48,000) | (48,000) | (48,000) | (48,000) | (48,000) | (48,000) | (48,000) | (48,000) | (48,000) | (48,000) | **(576,000)** |
| **Total Expenses** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** | **0** |
| **Net Income** | **0** | **0** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **37,500** | **412,500** |