IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HIDDEN LAKE ACADEMY, INC., | ) | CASE NO. 09-22028 |
| | ) | |
| Debtor. | ) | JUDGE BRIZENDINE |
| -------------------------------------------------------- | ) | |
| BRANCH BANKING & TRUST COMPANY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **CONTESTED MATTER** |
| | ) | |
| HIDDEN LAKE ACADEMY, INC., | ) | |
| | ) | |
| Respondent. | ) | |

## BRIEF IN SUPPORT OF MOTION FOR DESIGNATION AS SINGLE ASSET REAL ESTATE DEBTOR AND FOR RELIEF FROM THE AUTOMATIC STAY

**COMES NOW** Branch Banking and Trust Company ("BB&T"), the first-priority secured creditor of Hidden Lake Academy, Inc. (the "Debtor"), debtor and debtor-in-possession in the above-captioned action, and herewith files its Brief in Support of its "Motion for Designation as Single Asset Real Estate Debtor and Relief from the Automatic Stay" (the "Motion"), which BB&T has filed contemporaneously herewith. In support of its Motion, BB&T respectfully shows this Court as follows:

### I. BRIEF STATEMENT OF FACTS

The Debtor owns a significant tract of real property totaling approximately 190.325 acres outside of Dahlonega, White County, Georgia (the "Property"). The Property contains numerous

WCSR 4169507v1

improvements, including an administration building, several dormitories, a dining hall and other out buildings.  The Property is the Debtor's only substantial asset.

The Debtor granted BB&T a first priority security interest in the Property in order to secure repayment of a loan from BB&T to the Debtor's affiliate company, HLA, Inc. ("HLA"). The Debtor conveyed the security interest in the Property to BB&T by virtue of a Deed to Secure Debt dated September 16, 2009, which was properly recorded in the real property records maintained by the Clerk of the Court for Lumpkin County, Georgia at Deed Book 1005, Page 652.

The Debtor sole business is to own the Property, and all of the Debtor's income is generated by a putative lease agreement between the Debtor and HLA, which operates a school for troubled teenagers (the "School") on the Property.  BB&T states, on information and belief, that the Debtor has received no actual cash lease payments from HLA in several years.  The Debtor's first monthly operating report, which was filed more than 20 days after the due date prescribed by the Federal Rule of Bankruptcy Procedure 2015, failed to indicate any lease payments received from HLA.

The Debtor employs certain individuals who perform services for HLA in connection with the operation of the School.  These employees are employed on purely a "pass-through" basis, under which HLA disburses payroll funds to the Debtor and the Debtor in turn directly pays to the subject employees the exact amount that HLA had previously disbursed.  The Debtor does not generate any true income from performing the administrative function of employing and paying HLA's employees.

- 2 -

WCSR 4169507v1

The Debtor has not made any payments of principal or interest to BB&T since the commencement of this action on May 14, 2009.  The Debtor has not proposed a Plan of Reorganization.

## II. RELIEF FROM THE AUTOMATIC STAY AGAINST THE DEBTOR AS A SINGLE ASSET REALTY DEBTOR

A single asset realty debtor is defined as:

> [R]eal property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

11 U.S.C. § 101(51)(B).  Where a debtor's primary asset consists of improved real property, and the debtor's sole purpose is to operate that real estate with monies generated by the real estate, such a debtor clearly falls within the criteria enumerated in 11 U.S.C. § 101(51)(B).  In re Philmont Development Co., 181 B.R. 220 (Bankr. E.D. Pa. 1995).

In this case, the Debtor's sole purpose is to own the Property and, to the minimal extent necessary, operate it for the use of its tenant, HLA.  Thus, it is clear that the Debtor in this case is a single-asset real estate debtor.

Once a debtor is determined to be a single asset real estate debtor, the debtor must comply with the provisions of 11 U.S.C. § 362(d)(3), which provides,

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause

- 3 -

by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that--

(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; . . .

11 U.S.C. § 362(d)(3).

The Debtor filed this case on May 14, 2009.  Consequently, on or after August 14, 2009, the Debtor will be required to undertake at least one of the two required actions set forth in 11 U.S.C. § 362(d)(3).

The Debtor has made no regular monthly payments of interest to BB&T since the filing of the Petition.  Further, the Debtor has not filed a Plan of Reorganization.

Under 11 U.S.C. § 362(d)(3), if the Debtor has not filed a Plan by August 14, 2009, it must then begin making regular monthly payments to BB&T that equal the interest due on the loan at the contract rate.  If the Debtor is not able to make these payments of interest in a timely manner, then  BB&T will be entitled to relief from the automatic stay as to the Property pursuant to 11 U.S.C. § 362(d)(3).

### III. **CONCLUSION**

For the reasons stated hereinabove, BB&T moves this Court to i) designate the Debtor as a single asset real estate debtor, pursuant to 11 U.S.C. § 101(51)(B) and, ii) if by August 14, 2009 the Debtor has not filed a confirmable plan or begun making payments of interest to BB&T, then enter and order lifting the automatic stay as to the Property, such that BB&T can exercise its contractual and state law rights and remedies against the Debtor and the Property.

Respectfully submitted, this 22nd day of July, 2009.

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

By: /S/ John A. Thomson, Jr.
John A. Thomson, Jr.
State Bar No. 706760

271 17th Street, N.W.
Suite 2400
Atlanta, Georgia 30363-1017
(404) 888-7409 direct phone
(404) 870-4841 direct fax

**Attorney for Branch Banking & Trust Company**

- 5 -

WCSR 4169507v1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 22, 2009, a true and correct copy of the within and foregoing **BRIEF IN SUPPORT OF MOTION FOR DESIGNATION AS SINGLE ASSET REAL ESTATE DEBTOR AND FOR RELIEF FROM THE AUTOMATIC STAY** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Barbara Ellis-Monro, Esq.  
ATTORNEY FOR DEBTOR  
Ellenberg, Ogier, Rothschild & Rosenfeld, P.C.  
170 Mitchell Street, S.W.  
Atlanta, GA 30303

Office of the United States Trustee  
362 Richard B. Russell Building  
75 Spring Street, S.W.  
Atlanta, Georgia  30303

The undersigned hereby further certifies that a true and correct copy of the above pleading has been served by placing same in the United States postal service with proper postage affixed thereto and addressed to the following:

Hidden Lake Academy, Inc.  
830 Hidden Lake Road  
Dahlonega, GA 30533

This 22nd day of July, 2009.

　　　　　　　　　　　　　　　　　　　　　　　　  /S/  John A. Thomson, Jr.  
　　　　　　　　　　　　　　　　　　　　　　　　John A. Thomson, Jr.  
　　　　　　　　　　　　　　　　　　　　　　　　State Bar No. 706760

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC  
271 17th Street, N.W.  
Suite 2400  
Atlanta, Georgia 30363-1017  
(404) 888-7409 direct phone  
(404) 870-4841 direct fax  
jthomson@wcsr.com

WCSR  4169507v1