UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 09-22028-reb |
| | : | |
| **HIDDEN LAKE ACADEMY, INC.,** | : | |
| | : | CHAPTER 11 |
| DEBTOR. | : | |

**UNITED STATES TRUSTEE'S OBJECTIONS TO DEBTOR'S AMENDED DISCLOSURE STATEMENT FOR FIRST AMENDED PLAN OF REORGANIZATION**

COMES NOW the United States Trustee, in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), and asserts the following objections to the Amended Disclosure Statement (the "**Disclosure Statement**") [Doc. # 76] filed by the Debtor in the above-captioned case on December 10, 2009, with respect to its First Amended Plan of Reorganization ("the **Plan**") [Doc. #77] filed on the same date.

The United States Trustee contends that the Disclosure Statement fails to provide "adequate information" within the meaning of 11 U.S.C. § 1125 in the following respects:

1. In its "Liquidation Analysis" appearing at page 20 of the Disclosure Statement, Debtor asserts that liquidation of its real property under chapter 7 of the Bankruptcy Code would result in a "fire" sale and would produce insufficient proceeds to fund a distribution to unsecured creditors. However, at page 8 of the Disclosure Statement Debtor asserts that the property in question has a value of approximately $10 million, subject to secured debt of approximately $7 million. This valuation is inconsistent with Debtor's assertion that a chapter 7 trustee would be unable to sell the property for a price sufficient to fund a dividend to unsecured creditors.

2.  Debtor's ability to make the payments contemplated by the Plan is wholly dependent on the ability of its affiliated tenant, HLA, Inc. ("HLA"), to make the payments called for by the Commercial Lease Agreement and Management and Marketing Agreement between the two parties, yet the Disclosure Statement provides no financial information supporting HLA's ability to do so. Such information is essential to enable creditors and the Court to assess the Plan's feasibility.

3.  Justification should be provided for the Plan provision described at pages 24 - 25 of the Disclosure Statement releasing all "members, officers, directors, employees[,] advisors, attorneys, representatives, financial advisors, investment bankers, or agents" of the Debtor or Reorganized Debtor from liability for any act or omission, other than willful misconduct or gross negligence, relating to or arising out of this bankruptcy case or the pending chapter 11 case of HLA.  This provision does not appear on its face to benefit creditors or to be necessary to the success of the Plan and is contrary to 11 U.S.C. § 524(e), which provides, subject to one exception not applicable here, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." *See In re Continental Airlines*, 203 F.3d 203, 212 (3d Cir. 2000) ("'The bankruptcy court has no power to discharge the liabilities of a nondebtor pursuant to the consent of creditors as part of a reorganization plan'"), quoting *Underhill v. Royal*, 769 F.2d 1426, 1432 (9th Cir. 1985); *In re Future Energy Corp.*, 83 B.R. 470, 486 (Bankr. S.D. Ohio 1988) ("clear weight of decisional authority supports the proposition that Chapter 11 plans which call for the release of nonparties ... from liability upon obligations of the debtor are violative of § 524(e)"); *In re Bennett Paper Corp.*, 68 B.R. 518, 520 (Bankr. E.D.Mo. 1986 (disapproving disclosure statement for failure to inform creditors that nondebtor release provision was impermissible).

4. The Plan provides for holders of general unsecured claims to be paid in full with interest at the prime rate but does not specify the point in time at which this rate will be determined, nor does it disclose whether or in what manner the rate will be adjusted over the 60-month period during which these payments are to be made.

5. At page 12, the Disclosure Statement states that a "chart illustrating potential disbursements from the Distribution Fund" is attached as Exhibit "F." However, no such chart appears to be attached, and earlier on the same page of the Disclosure Statement, Exhibit "F" is correctly identified as a copy of the "Management and Marketing Agreement" between Debtor and HLA.

WHEREFORE, the United States Trustee objects to approval of the Disclosure Statement in its current form and requests to be heard at a hearing on this matter.

                                                    DONALD F. WALTON
                                                    United States Trustee
                                                    Region 21

                                                   /s/ *James H. Morawetz*
                                                   JAMES H. MORAWETZ
                                                   Georgia Bar No. 521900
                                                   Trial Attorney

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303
Tel: (404) 331-4437
Fax: (404) 331-4464
E-mail: jim.h.morawetz@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and that on this date I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will cause an electronic notification of such filing to be sent to the following:

Barbara Ellis-Monro, Esq.
Ellenberg, Ogier, Rothschild & Rosenfeld
170 Mitchell Street, SW
Atlanta, GA 30303

This the  23rd  day of December, 2009.

                                                      /s/ *James H. Morawetz*
                                               JAMES H. MORAWETZ
                                               Trial Attorney