IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HIDDEN LAKE ACADEMY, INC., | ) | CASE NO. 09-22028 |
| | ) | |
| | ) | |
| Debtor. | ) | JUDGE BRIZENDINE |

## MOTION TO DISBURSE FUNDS

COMES NOW Hidden Lake Academy, Inc., debtor and debtor in possession herein (the "Debtor") and hereby files this Motion to Disburse Funds and respectfully shows the Court as follows:

1. On May 14, 2009, (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of the Debtor's Chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On December 22, 2009, the Debtor filed its Application to Employ The Marcus Law Firm as Special Counsel to the Debtor Nunc Pro Tunc the Petition Date [Docket No. 84]. The Court held a hearing to consider the Application on February 18, 2010 (the "Hearing") and granted the application to employ.

4. As set forth in the Affidavits of David Doyle, an attorney with The Marcus Law Firm, ("Special Counsel") Special Counsel was initially retained by Kevin Ferry of the Law Office of Kevin Ferry to assist in collection of a judgment which had been entered in November, 2002 in favor of the Debtor. True and correct copies of the affidavits are attached hereto as Exhibits "A"

and "B" and are incorporated herein by reference.  The judgment is in the original amount of $55,993.94 (the "Judgment").

5. During the process of filing the Application, Special Counsel learned that the original claim by the Debtor had been placed for collection in October, 1999 with Credit Management Services ("CMS") and that Mr. Ferry had been engaged by Transworld Systems, Inc. doing business as Credit Management Services to obtain the Judgment.

6. After retention, Special Counsel began foreclosure proceedings against certain real estate owned by the judgment debtor.  These actions prompted the judgment debtor, in November, 2008, to enter into a settlement agreement to pay the Judgment at the rate of $300.00 per month.

7. Thereafter, in accordance with the settlement agreement, the judgment debtor paid $3,300.00.  Special Counsel remitted $200.00 of each of the $300.00 payments to the Debtor and retained $100.00 in fees.

8. In November, 2009, Special Counsel became aware of this case and advised counsel for the Debtor of the Judgment and Special Counsel's engagement to collect the same. At that time the Debtor entered into a retention agreement with Special Counsel to pay 40% of all amounts collected to Special Counsel with the understanding that Mr. Ferry, who had tried the case and not been compensated, would receive one-half of the 40% contingency fee. See, Exhibit A.

9. As set forth in the Affidavits, the Judgment was paid in full on or about December 22, 2009 through the sale of the judgment debtor's real property and Special Counsel now holds $93,513.86 in escrow pending further order of this Court.

10. The Debtor filed its Second Amended Plan of Reorganization on February 19, 2010 and the hearing on confirmation is anticipated to be held on March 30, 2010.

## RELIEF REQUESTED

11. By this Motion, the Debtor requests that this Court enter an Order authorizing the disbursement of funds held by Special Counsel in accordance with its retention agreement in the amount of $37,405.54.  The Debtor further requests that the balance of the funds of $56,108.32 be remitted to counsel for the Debtor's escrow account to be held for payment of administrative expenses of the estate and subject to further order of this Court.

12. Special Counsel has provided valuable services to the Debtor and the Estate by collecting the Judgment and entry of an order authorizing disbursement herein will benefit the estate and all creditors of thereof.

## NOTICE

13.     Notice of this pleading will be served on the United States Trustee, Branch Banking and Trust Company and all creditors of the Debtor. The Debtor submits that such notice is sufficient and proper, and that no other notice need be given.

14.     No previous application for the relief requested herein has been made to this Court or any other Court.

WHEREFORE, Debtor prays that the Court enter an Order authorizing disbursement of the funds held by Special Counsel with Special Counsel to be paid $37,405.54 and $56,108.32 to be remitted to Debtor's counsel's escrow account pending further order of this Court and for

such other and further relief as the Court deems just and proper.

    This 18th day of February, 2010.

                                                ELLENBERG, OGIER, ROTHSCHILD & ROSENFELD, PC

                                                /s/ Barbara Ellis-Monro
                                                Barbara Ellis-Monro
170 Mitchell St., SW                      Georgia Bar No. 246117
Atlanta, Georgia 30303
404-525-4000 (t)                          Attorneys for Debtor
404-526-8855(f)
bem@eorrlaw.com

EXHIBIT "A"
IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO. 09-22028 |
| HIDDEN LAKE ACADEMY, INC. | ) | |
| DEBTOR | | JUDGE BRIZENDINE |

VERIFIED STATEMENT OF DAVID DOYLE FOR THE MARCUS LAW FIRM
AS PROPOSED SPECIAL COUNSEL FOR THE DEBTOR NUNC PRO TUNC
TO THE PETITION DATED

NEW HAVEN COUNTY, CONNECTICUT

Comes now David Doyle, Esq. who hereby deposes and says:

1. I am an attorney duly licensed in the State of Connecticut, employed by the Marcus Law Firm.

2. Since 2006, I have and other attorneys at the Marcus Law Firm have attempted to enforce a judgment that entered in the Connecticut Superior Court after a full trial on the merits in favor of Hidden Lake Academy against an individual, David Ross. (see court notice of judgment attached hereto)

3. We first pursued enforcement of bank executions against Mr. Ross with limited success; we then prepared and instituted a foreclosure action against Mr. Ross to foreclose upon a judgment lien (attached hereto) filed on property owned by Mr. Ross in Stratford, Connecticut.

4. We currently monitor a settlement agreement reached with Mr. Ross in November 2008 whereby he makes a monthly payment of three hundred dollars toward this debt with a balloon payment due in December 2011.

5. We anticipate that we will monitor this agreement until full payment is recovered or until we reinstitute the foreclosure proceeding.

6. I have handled collection actions for over twenty years, and the Marcus Law Firm employs attorneys who specialize in foreclosure.

7. Neither I, nor the Marcus Law Firm represent any interest that is adverse to the Debtor or the Estate in the matter upon which we are to be engaged.

Further, affiant sayeth not.

_____
David S. Doyle, Esq.

Subscribed and sworn to before me this 18th day of Dec., 2009.

_____
Mark Bergamo, esq.
Commissioner of the Superior Court

Dec 16 2009 1:42PM

HIDDEN VALLEY ACADEM   VS.
ROSS DAVID                     CV-01-0381211-S(FAC)

TO ALL PRO SE PARTIES AND COUNSEL OF RECORD:

MOTION 111, MOTION FOR JUDGMENT, IS GRANTED.
THE FOLLOWING IS OWED TO THE PLAINTIFF:
AMOUNT DUE ON CLAIMS..............$35,219.00
INTEREST..........................  13,735.54
PLAINTIFF'S COSTS.................     289.40
LATE FEES.........................   6,750.00
TOTAL.............................$55,993.94

BY THE COURT,

(SHEEDY, J.) 10-18-02
COG. TAC

SUPERIOR COURT                 KEVIN CURTIS FERRY
1061 MAIN STREET               286 FARMINGTON AVE.

BRIDGEPORT, CT        06601    HARTFORD        CT 06105

DATED: NOV 05, 2002
FBT

NOV 08 2002

01CA16

## JUDGMENT LIEN CERTIFICATE

**JUDGMENT DEBTORS:**

David Ross
46 Hazelwood Terrace
Stratford, CT 06497

**JUDGMENT CREDITOR:**

Hidden Lake Academy, Inc.
830 Hidden Lake Road
Dahlonega, GA 30533

COURT IN WHICH JUDGMENT ENTERED: Superior Court, J.D. of Bridgeport at Bridgeport.
Docket No.: CV-01-0381211-S

DATE OF ENTRY OF JUDGMENT: October 25, 2002

ORIGINAL AMOUNT OF JUDGMENT: Fifty Five Thousand Nine Hundred Ninety Three and 94/100 ($55,993.94) Dollars.

| | |
|---|---|
| Damages, including court costs | $55,993.94 |
| Statutory Interest of 10% accruing from October 25, 2002 through November 11, 2002 | $245.45 |
| TOTAL | $56,239.39 |

AMOUNT DUE THEREON AS OF NOVEMBER 11, 2001: Fifty Six Thousand Two Hundred Thirty-Nine and 39/100 dollars.

## SCHEDULE A

DESCRIPTION OF PERSONAL PROPERTY ON WHICH LIEN IS TO BE PLACED:

TO THE EXTEND THAT THE FOLLOWING ARE NOT EXEMPT UNDER THE LAWS OF THE STATE OF CONNECTICUT, THIS JUDGMENT LIEN SHALL ATTACH TO AND COVER THE FOLLOWING TYPES AND/OR ITEMS OF PROPERTY: A CERTAIN TRACT OR PARCEL OF LAND WITH ALL BUILDINGS THEREON KNOWN AS LOT NO. 27 ON MAP OF CRESTWOOD ACRES, MADE BY T. DONALD ROWE, REGISTERED LAND SURVEYOR DATED JUNE, 1949, ON FILE IN THE STRATFORD TOWN CLERK'S OFFICE, AND BOUNDED AND DESCRIBED AS FOLLOWS: "NORTHWESTERLY: ON HAZELWOOD TERRACE, 85.75 FEET, BY A STRAIGHT LINE AND 14.25 FEET BY AN ARC DISTANCE; NORTHEASTERLY: ON LOT NO. 26 ON SAID MAP, 105 FEET; SOUTHEASTERLY: ON LOT NO. 16 ON SAID MAP, 31.24 FEET, BY AN ARC DISTANCE AND 85.75 FEET, BY A STRAIGHT LINE; SOUTHWESTERLY: ON LOT NO. 28 ON SAID MAP, 105 FEET". WHICH HAS THE ADDRESS OF 46 HAZELWOOD TERRACE, STRATFORD, CONNECTICUT 06497.

BEING THE SAME PREMISES CONVEYED BY WARRANTY DEED TO DAVID ROSS AND RECORDED IN THE TOWN CLERK'S OFFICE OF THE TOWN OF STRATFORD IN VOLUME NO. 540 PAGE 723.

Dated at Hartford, Connecticut, this 11th day of November 2002.

PLAINTIFF/JUDGMENT CREDITOR:
HIDDEN VALLEY LAKE ACADEMY, INC.
d/b/a HIDDEN LAKE ACADEMY

By: _____
Kevin C. Ferry, Esq.
Its Attorney
286 Farmington Avenue
Hartford, CT 06105
Juris No. 404591

Received for record NOV 13 2002
At 12:37 PM and recorded by me
Patricia P. Ulatowski
Patricia P. Ulatowski, Stratford Town Clerk

LAW OFFICE OF
KEVIN C. FERRY
286 FARMINGTON AVENUE • HARTFORD, CONNECTICUT 06105 • (860) 247-7242 • Fax (860) 246-2255

EXHIBIT "B"
IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE:                                    )    CHAPTER 11
                                          )    CASE NO. 09-22028
HIDDEN LAKE ACADEMY, INC.  )
DEBTOR                                         JUDGE BRIZENDINE

VERIFIED SUPPLEMENTAL STATEMENT OF DAVID DOYLE
FOR THE MARCUS LAW FIRM AS PROPOSED SPECIAL COUNSEL
FOR THE DEBTOR NUNC PRO TUNC TO THE PETITION DATED

NEW HAVEN COUNTY, CONNECTICUT

Comes now David Doyle, Esq. who hereby deposes and says:

1. I am an attorney duly licensed in the State of Connecticut, employed by the Marcus Law Firm, and make this statement to supplement the statement previously supplied in support of the proposal to employ the Marcus Law Firm as special counsel.

2. Attorney Kevin Ferry of New Britain, Connecticut represented Hidden Lake Academy in the original court action against David Ross; he provided all legal services involved with prosecuting a full civil trial, produced a post-trial brief, and provided some post-judgment services including preparing and filing the judgment lien on property that Ross owned in Stratford, Connecticut that was attached to the original verified statement.

4. Hidden Lake Academy did not compensate Attorney Ferry for his work.

5. This office will split equally any fee earned in this matter with Attorney Ferry in recognition of the services rendered in obtaining and securing this judgment.

6. On or about December 22, 2009, Mr. Ross sold his property and has rendered to the Marcus Law Firm the sum of $93,513.86 satisfying in full the lien of Hidden Lake Academy.

Further, affiant sayeth not.

_____
David S. Doyle, Esq.


Subscribed and sworn to before me this ___ day of January, 2010.


_____
Mark Bergamo, Esq.
Commissioner of the Superior Court

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served a copy of the within and foregoing MOTION TO DISBURSE FUNDS by depositing same in the United States Mail in an envelope with adequate postage affixed thereto to assure delivery addressed as follows:

| | |
|---|---|
| James Morawetz<br>Office of the United States Trustee<br>362 Richard B. Russell Federal Building<br>75 Spring Street<br>Atlanta, GA 30303 | Doc Martin Construction<br>14 Carriage Court<br>Dahlonega, GA 30533 |
| Lumpkin County<br>Donald Head<br>99 Court House Hall, Ste E<br>Dahlonega, GA 30533 | Morris Law Firm<br>Thornton Morris<br>1950 N. Park Pl, Ste 400<br>Atlanta, GA 30339 |
| John W. Sheffield<br>Internal Revenue Service<br>401 W. Peachtree St., NW<br>Atlanta, GA 30308 | Oscar B. Fears, III<br>Georgia Dept. of Revenue<br>40 Capitol Square<br>Atlanta, GA 30334 |
| John A. Thomson, Jr.<br>Womble Carlyle Sandridge & Rice, PLLC<br>271 17th Street, N.W., Suite 2400<br>Atlanta, GA 30363-1017 | Laurie Bennett<br>North GA Credit Srvs<br>3482 Keith Bridge, #321<br>Cumming, GA 30041 |
| Yates Ins. Agency<br>Attn: President<br>4 Executive Park East, NE, St 200<br>Atlanta, GA 30329 | Graybar Fin. Svs<br>10201 Centurion Pkwy, N,<br>Suite 100<br>Jacksonville, FL 32256 |
| Dell Fin. Srvs<br>12234 N. 1H-35, Bldg B<br>Austin, TX 78753 | Citicapital Technology<br>1255 Wrights Lane<br>West Chester, PA 19380 |
| CMS<br>PO Box 2695<br>Woburn, MA 01888 | Transworld<br>1160 Silas Dean Hwy, Ste 409<br>Wethersfield, CT 06109 |

This 19th day of February, 2010.

ELLENBERG, OGIER, ROTHSCHILD & ROSENFELD, PC

*/s/ Barbara Ellis-Monro*

170 Mitchell St., SW
Atlanta, GA 30303
404-525-4000 (t)

Barbara Ellis-Monro
Georgia Bar No. 246117
bem@eorrlaw.com