IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | CHAPTER 11 |
| HIDDEN LAKE ACADEMY, INC., | * | |
| | * | CASE NO. 09-22028-REB |
| | * | |
| Debtor. | * | |
| | * | |

**GEORGIA DEPARTMENT OF REVENUE'S
OBJECTION TO CONFIRMATION OF DEBTOR'S
SECOND AMENDED PLAN OF REORGANIZATION**

The Georgia Department of Revenue files its objection to the confirmation of the Debtor's Second Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code for Hidden lake Academy, Inc. (the "Debtor"), and in support hereof respectfully shows the Court as follows:

1. The Georgia Department of Revenue filed a proof of claim for unpaid Georgia corporate income taxes, corporate net worth taxes, withholding taxes, sales and use taxes, interest and penalties in the total amount of $110,731.81.  On or about March 18, 2009, the Department filed an amended proof of claim for unpaid Georgia withholding taxes, sales and use taxes, interest and penalties in the total amount of $105,899.69.  The claim consists of a secured claim in the amount of $39,410.24, a priority claim in the amount of $56,545.81, and a general unsecured claim in the amount of $9,943.64.

2. The Debtor has filed with the Court its Second Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code.  The Court has set a hearing on the confirmation of the Second Amended Plan for March 30, 2010.

3. As of today's date, the Debtor has not filed its withholding tax returns for the first quarter of 1997 and May of 2005 as required by O.C.G.A. § 48-7-108. The Debtor should be required to file the outstanding pre-petition tax returns prior to obtaining confirmation of its Plan.

4. The Plan should not be confirmed due to the Debtor's failure to comply with the Georgia Public Revenue Code since the filing of the case. The Debtor has failed to file its January and February of 2010 withholding tax returns or pay these liabilities.[1] All delinquent Georgia tax returns and all post-petition Georgia tax liabilities,[2] including interest and penalties, should be paid before the Court confirms this Plan.

5. The Debtor's Plan should not be confirmed as it impermissibly seeks to avoid the Department's tax liens by contending that they were filed "within 90 days of the Filing Date" and, thus, presumably are subject to avoidance under 11 U.S.C. § 547. (Articles 4. 1 and 4.3). As a threshold matter, the Department of Revenue has filed two tax executions against the Debtor. The first tax execution, fi fa number 008046462 in the amount of $34,251.06, was filed on June 6, 2008, well outside the ninety day window. The other tax execution, fi fa number 008139912 in the amount of $5,159.18, was filed within ninety days of the Debtor's bankruptcy filing. However, no matter when the tax executions were recorded, the avoidance power under 11 U.S.C. § 547(b) does not extend to statutory liens except where such liens are avoidable under 11 U.S.C. § 545. 11 U.S.C. § 547(c)(6). Georgia state tax executions are statutory liens. 11 U.S.C. § 101(53). Georgia tax liens arise when taxes are due and unpaid. O.C.G.A. § 48-2-56(a). The State

---

[1] The Debtor's March of 2010 withholding tax return is due on April 15, 2010.
[2] It is worth noting that Section 5.2.1 of the Debtor's Plan provides that "tax obligations arising after the Filing Date, will be paid … when due."

2

Revenue Commissioner issues Georgia tax executions upon a taxpayer's failure to pay Georgia taxes. O.C.G.A. § 48-3-1. Georgia tax executions are statutory liens which are not avoidable as preferences. In In re Carolina Resort Motels, Inc., the Bankruptcy Court for the District of South Carolina analyzed the legislative history and other cases regarding the definition of "statutory lien" in 11 U.S.C. § 101 and concluded that the tax liens of the Internal Revenue Service and the South Carolina Employment Security Commission are statutory liens. 51 B.R. 447, 450 (Bankr. D.S.C. (1985)). The Court went on to conclude that the liens were not avoidable under 11 U.S.C. § 545 and that the filing of the notice of the liens precluded finding that they are preferences. 51 B.R. at 451. In In re E.W. Shields, Inc., the Bankruptcy Court for the District of Oregon reached an identical conclusion regarding the lien of the Oregon Department of Revenue. 34 B.R. 44 (Bankr. D.Or. 1983). In doing so, the Court stated that "[n]either counsel nor the Court has discovered any case holding that a tax lien is other than statutory in nature." 34 B.R. at 45. In In re Swafford, Judge Bihary of the Northern District of Georgia determined that liens of the Georgia Department of Revenue are not subject to avoidance under 11 U.S.C. § 545 and determined further that there had been no showing that the liens were subject to any of the trustee's avoidance powers. 160 B.R. 246, 248 (Bankr. N.D.Ga. 1993); see also In re McTyre Grading & Pipe, Inc., 180 B.R. 308, 309 (Bankr. N.D.Ga. 1995). The Debtor's Plan should not be confirmed as it impermissibly seeks to avoid as preferences the statutory liens of the Georgia Department of Revenue.

6. The Plan is inadequate regarding the provision for paying interest on the Department's secured tax claim and priority tax claim. Article 4.1 of the Plan provides that priority tax claims will be paid with interest at "a fixed rate of 5% per annum from

3

the Effective Date." Article 4.3 of the Plan provides that secured tax claims will be paid "simple interest at the rate of 5% per annum." 11 U.S.C. § 1129(a)(9)(C)(i) states that priority tax claimants will be paid in regular installments payments "of a value, as of the effective date of the plan, equal to the allowed amount of such claim." The Department's secured tax claim is entitled to the same treatment. 11 U.S.C. § 1129(a)(9)(D). Pursuant to 11 U.S.C. § 511(a), the interest rate applied to tax claims "shall be the rate determined under applicable nonbankruptcy law." Under Georgia law, unpaid tax claims accrue interest at 1% per month. O.C.G.A. § 48-2-40. Therefore, based on Georgia law, the interest rate on secured tax claims and priority tax claims should be twelve percent (12%) per annum. The Debtor's Plan should not be confirmed as it does not comply with the requirements of 11 U.S.C. §§ 511 & 1129 (a)(9)(C)(i).

7. The Department of Revenue objects to the Plan because it is entitled to receive interest on its secured claim from the Filing Date. The Debtor has estimated that the value of its real property, to which the Department's secured claim attaches, is $10,000,000.00. The tax executions of the Department as well as the liens of the other secured creditors in Classes 2, 3, and 4 are less than the estimated value of the real property. Therefore, as the Department's secured claim is oversecured, it is entitled to interest from the Filing Date. 11 U.S.C. § 506; United States v. Ron Pair Enterprises, Inc., 489 U.S. 235 (1989); In re Koger Properties, Inc., 172 B.R. 351, 352-53 (Bankr. M.D.Fl. 1994).

8. The Department objects to confirmation of the Debtor's Plan as it is uncertain if the default provision applies in Article 4.1 to the Georgia Department of Revenue. The default provision set forth in Article 4.1 is for "Allowed Tax Claim[s]." However,

4

the term "Allowed Tax Claim" is not defined under the Debtor's Plan. If the term "Allowed Tax Claim" is intended to refer to a claim of the Georgia Department of Revenue against the Debtor, then, after clarifying the phrase, the Department has no objection to the Debtor's default provision. On the other hand, if "Allowed Tax Claim" is meant to refer to anything other than the claim of the Georgia Department of Revenue as finally allowed, then the Department objects to any such limitation.

## CONCLUSION

WHEREFORE, for reasons including, but not limited to those specified above, the Georgia Department of Revenue prays that the Court deny confirmation of the Debtor's Second Amended Plan and further prays for such other and further relief as the Court deems just and proper.

This 22nd day of March, 2010.

Respectfully submitted,

THURBERT E. BAKER 033887
Attorney General

R.O. LERER 446962
Deputy Attorney General

W. WRIGHT BANKS, JR. 036156
Senior Assistant Attorney General

 /s/ Oscar B. Fears, III
OSCAR B. FEARS, III 257020
Senior Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

OSCAR B. FEARS, III
Senior Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 656-3303

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a copy of the foregoing GEORGIA DEPARTMENT OF REVENUE'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION upon:

>Barbara Ellis-Monro, Esq.
>Ellenberg, Ogier, Rothschild & Rosenfeld, PC
>170 Mitchell Street, SW
>Atlanta, Georgia 30303
>
>Hidden Lake Academy, Inc.
>830 Hidden Lake Road
>Dahlonega, Georgia 30533
>
>Office of the United States Trustee
>75 Spring Street, SW
>362 Richard Russell Building
>Atlanta, Georgia 30303

by placing the same into the United States mail with adequate, first-class postage placed thereon.

This 22nd day of March, 2010.

>_/s/_ Oscar B. Fears, III_____
>OSCAR B. FEARS, III
>Senior Assistant Attorney General