**IT IS ORDERED as set forth below:**

Date: April 12, 2010

_____
**Robert E. Brizendine**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 11 |
| HIDDEN LAKE ACADEMY, INC. ) | |
| ) | CASE NO. 09-22028-REB |
| Debtor. ) | |

**ORDER CONFIRMING SECOND AMENDED PLAN**
**OF REORGANIZATION FOR HIDDEN LAKE ACADEMY, INC.**

The above-captioned bankruptcy case came before the Court for a hearing on March 30 2010, (the "Hearing") to consider confirmation of the Second Amended Plan of Hidden Lake Academy, Inc. (the "Plan"). At the hearing, Barbara Ellis-Monro appeared on behalf of Hidden Lake Academy, Inc. (the "Debtor"), Lisa Ritchey-Craig appeared on behalf of GMAC, and David Weidenbaum appeared on behalf of the Office of the United States Trustee.

1

The Georgia Department of Revenue (the "DOR") filed an objection to confirmation which counsel for the Debtor represented had been resolved prior to the Hearing. GMAC filed an objection to the Amended Plan (as defined below), however, the parties announced at the Disclosure Statement Hearing (as defined below) that the objection had been resolved and GMAC voted in favor of the Plan. No other party objected to confirmation prior to the Hearing or at the Hearing.

Based upon the evidence proffered at the Hearing, representations of counsel and the pleadings filed and of record in this case, the Court hereby makes the following findings of fact and conclusions of law:

### Procedural History and Posture

1. On May 14, 2009, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division ("Court") initiating case number 09-22028-REB ("Case"). The Debtor remains in possession of its assets and continues operations as a debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

2. On October 30, 2009 the Debtor filed its Disclosure Statement for Plan of Reorganization ("Initial Disclosure Statement") (Docket No. 68) and its Plan of Reorganization ("Initial Plan") (Docket No.69).

3. On December 10, 2009, the Debtor filed its Amended Disclosure Statement for First Amended Plan of Reorganization for Hidden Lake Academy, Inc. (the "Amended Disclosure Statement") (Docket No. 76) and its First Amended Plan of Reorganization for Hidden Lake Academy, Inc. (the "Amended Plan") (Docket No. 77).

4.  The Debtor served the Notice of Hearing on Amended Disclosure Statement with the Amended Disclosure Statement and the Amended Plan on all creditors of the Debtor and parties in interest in this case on December 10, 2009 as evidenced by the Certificate of Service filed on December 10, 2009 (Docket No. 79).

5.  On December 23, 2009, the United States Trustee filed its Objection to the Amended Disclosure Statement (Docket No. 85).

6.  On December 30, 2009, GMAC filed its Objection to the Amended Plan (Docket No. 88).

7.  On January 7, 2010, the hearing on approval of the Amended Disclosure Statement was held (the "Disclosure Statement Hearing").  Counsel for the Debtor and counsel for the United States Trustee announced that the United States Trustee's objection to the Amended Disclosure Statement had been resolved and that the Debtor would file a Second Amended Disclosure Statement and Second Amended Plan of Reorganization prior to requesting a hearing on confirmation.

8.  On February 19, 2010, the Debtor filed an Amended Disclosure Statement for Second Amended Plan of Reorganization for Hidden Lake Academy, Inc. (the "Final Disclosure Statement")  and the Plan (Docket Nos. 98 and 99).

9.  On February 24, 2010, the Court entered an Order Approving Disclosure Statement and Fixing Time For Filing Acceptances or Rejections of Plan Combined with Notice Thereof (the "Approval Order") which scheduled the Hearing and established deadlines for objections to the Plan and for balloting (Docket No. 105).

10.  The Debtor served the (i) Approval Order, (ii) the Final Disclosure Statement, (iii) the Plan, and (iv) ballot for voting on the Plan on all creditors of the Debtor and parties

in interest as evidenced by the Certificate of Service (Docket No. 109) filed on March 1, 2010.

11. On March 22, 2010, the DOR filed its objection (Docket No. 108) to the Plan.

12. On March 26, 2010, the Debtor filed its Summary of Voting on Debtor's Plan of Reorganization and a Certification of Ballots (Docket No. 121) as Amended on March 29, 2010 (the "Final Balloting Report") (Docket No.123). As set forth in the Final Balloting Report, classes 2, 4, 6, 7, 8 and 10 of impaired creditors accepted the Plan.

### The Confirmation Hearing

13. On March 30, 2010, the Court conducted a hearing to consider confirmation of the Plan. Through counsel, the Debtor made a proffer regarding its satisfaction of the requirements of Bankruptcy Code §1129(a) and (b) with respect to confirmation of the Plan.

14. Counsel for the Debtor advised the Court that the objection to confirmation filed by DOR had been resolved as provided herein.

NOW, THEREFORE, based upon the Court's review of the evidence presented, proffered, arguments made at the Hearing, and the entire record in this case, and further based upon the rulings of the Court made in open court which are adopted herein, the Court finds that the Plan should be confirmed. Accordingly,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

1. All objections to confirmation of the Plan that have not been withdrawn are hereby overruled on the merits.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Federal Rule of Bankruptcy Procedure 7052.

2. The pleadings and solicitation package were served upon the appropriate parties in interest and creditors holding claims designated as impaired and entitled to vote.

3. The Debtor filed the voting summary and Final Balloting Report certifying the method and results of the ballot tabulation for each of the classes voting to accept or reject the Plan. The Holders of Class 2, 4, 6, 7, 8 and 10 impaired claims voted to accept the Plan.

4. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2) and, the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

5. The Court takes judicial notice of the docket of this case.

6. Due, adequate and sufficient notice of the Plan and of the Hearing, along with all deadlines for voting or filing objections to the Plan has been given to all known holders of Claims and parties in interest.

7. Votes for acceptance or rejection of the Plan were solicited in good faith and complied with section 1126 of the Bankruptcy Code, Bankruptcy Rule 3018 and all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

8. All procedures used to distribute voting materials to the holders of Claims and Interests and to tabulate the Ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court and all other applicable rules, laws, and regulations.

9. As evidenced by the Final Balloting Report, at least one impaired Class of claims, determined without including any acceptance by an insider of the Debtor, has voted to accept the Plan.

10. Holders of the Class 11 Unsecured Penalty Claims and Class 12 Insider claims will not receive any distributions on account of claims in either class 11 or 12 under the Plan. Pursuant to Section 1126(g) of the Bankruptcy Code, holders of Class 11 Unsecured Penalty Claims and Class 12 Interests are presumed to have rejected the Plan.

11. The Debtor, as proponent of the Plan, met the burden of proving the elements of Section 1129(a) and (b) of the Bankruptcy Code, by a preponderance of the evidence, which is the applicable evidentiary standard in this Court. The Court also finds that the Debtor has satisfied the elements of Section 1129(a) and (b) of the Bankruptcy Code under the clear and convincing standard of proof.

12. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

13. In addition to Administrative Claims and Priority Tax Claims, Article IV of the Amended Plan designated eleven (11) Classes of Claims and one (1) Class of Interests for the Debtor. The Claims and Interests placed in each Class are substantially similar to other Claims or Interests in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims or Interests. Thus, the Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

14. Unimpaired Classes of Claims were specified, if any. Thus, the Plan satisfies Section 1123(a)(2) of the Bankruptcy Code.

15. Article IV of the Plan specifies the treatment of impaired Claims and Interests. Thus, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

16. The Plan provides for the same treatment of each Claim in each respective Class. Thus, the Plan satisfies Section 1123(a)(4) of the Bankruptcy Code.

17. The Plan provides adequate and proper means for implementation and satisfies section 1123(a)(5) of the Bankruptcy Code.

18. The shareholder of the Reorganized Debtor was identified and Section 1123(a)(7) of the Bankruptcy Code is satisfied.

19. The Reorganized Debtor shall be prohibited from issuing nonvoting equity securities to the extent required by Section 1123(a)(6) of the Bankruptcy Code.

20. The Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Interests and provides for entry into a Lease of real property and a management agreement with Ridge Creek, Inc. as permitted by Section 1123(b)(1) and (b)(2)

21. The provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for: (a) distributions to Holders of Claims; (ii) the disposition of executory contracts and unexpired leases; (iii) the retention of, and right to enforce, sue on, settle or compromise certain claims; (iv) resolution of disputed claims; and (v) allowance of certain Claims.

22. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).

23. The Plan provisions comply with the applicable provisions of the Bankruptcy Code and the Debtor has complied with the applicable provisions of the Bankruptcy Code,

thereby satisfying Section 1129(a)(1) and (a)(2) of the Bankruptcy Code.  The Debtor is a proper debtor under Section 109 of the Bankruptcy Code.

24. The Debtor proposed the Plan in good faith and not by any means forbidden by law, thereby, satisfying Section 1129(a)(3) of the Bankruptcy Code.  The case was filed and the Plan was proposed with the legitimate and honest purpose of reorganizing and maximizing the value of the Debtor and the recovery to Holders of Claims.

25. Any payment made or to be made by the Debtor for services or for costs and expenses in connection with this case, including all administrative expense claims, has been approved by, or is subject to the approval of the Court.  Thus, Section 1129(a)(4) of the Bankruptcy Code is satisfied.

26. The Debtor has complied with Section 1129(a)(5) of the Bankruptcy Code.

27. Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

28. The Plan satisfies Section 1129(a)(7) of the Bankruptcy Code.

29. Holders of Claims in Classes 2 through 10 were impaired, entitled to vote, and Holders of  Class 2, 4, 6, 7, 8 and 10  Claims voted to accept the Plan.

30. The treatment of Administrative Claims and Priority Claims under the Plan satisfies the requirements of Section 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under the Plan satisfies the requirements of Section 1129(a)(9)(C) of the Bankruptcy Code.

31. Each impaired Class of Claims that voted, voted to accept the Plan and, to the best of the Debtor's knowledge do not contain insiders. Thus, Section 1129(a)(10) of the Bankruptcy Code has been satisfied.

32. The Plan satisfies Section 1129(a)(11) of the Bankruptcy Code. The Final Disclosure Statement and the evidence proffered at the Hearing: (i) was persuasive and credible; (ii) has not been controverted by other evidence or sufficiently challenged in any of the objections to the Plan; and (iii) establishes that the Plan is feasible and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor or the Reorganized Debtor.

33. The Debtor has paid or will pay by the Effective Date fees arising under 28 U.S.C. § 1930, thereby, satisfying Section 1129(a)(12) of the Bankruptcy Code.

34. Section 1129(a)(13) of the Bankruptcy Code is satisfied because the Debtor does not have any retiree benefits.

35. Sections 1129(a)(14) and (15) of the Bankruptcy Code are not applicable.

36. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. §77(e).

37. The Debtor and the Debtor's respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

ACCORDINGLY, THE COURT HEREBY ORDERS THAT

A. The Plan is hereby confirmed in all respects in accordance with 11 U.S.C. §1129 and all provisions thereof are hereby incorporated herein by reference

9

B.   With respect to Class 1 Priority Tax Claims, the following shall apply to treatment of the DOR's priority tax claim which is an Allowed Tax Claim in the amount of $56,545.81 plus interest at the applicable non-bankruptcy rate of interest: the Debtor shall make consecutive monthly payments of $1,489.07 beginning on May 1, 2010 and continuing on the first day of each month until the DOR's Allowed Tax Claim is paid in full within 60 months of the Filing Date.  With respect to the Priority Tax Claim of the Internal Revenue Service, the Debtor shall make consecutive monthly payments of $5,484.95 beginning on May 15, 2010 and continuing on the fifteenth day of each month until the Allowed Tax Claim of the United States Internal Revenue Service is paid in full.

C.   With respect to the secured claim of the DOR, Class 3 Secured Tax Claims of the Plan is modified to replace sentences 2 through 6 of Class 3 related to the DOR claim with the following: The Georgia Department of Revenue filed a secured claim in the amount of $39,410.24.  The DOR's secured tax claim is an Allowed Secured Claim and each of the DOR's secured tax claim and the Lumpkin County secured tax claim are fully secured and shall be paid in full with interest at the rate required by applicable non-bankruptcy law within 60 months of the Filing Date or paid upon sale of the property to which the lien attaches. The Debtor shall make consecutive monthly payments of $1,032.87 to DOR beginning on May 1, 2010 and continuing on the first day of each month until the DOR's secured tax claim is paid in full.

D.   The definition of "Allowed Tax Claims" contained in Article 4.1 of the Plan applies to each taxing authority holding a Claim, including but not limited to DOR.

E.   The unsecured claim filed by the DOR is treated as a Class 11 penalty claim and will receive no distribution under the Plan.

  F. The Lease Agreement and the Management Agreement by and between the Debtor and Ridge Creek, Inc. are hereby approved.

  G. All provisions of the Plan shall bind the Debtor and any entity issuing securities under the Plan, all entities receiving property under the Plan, all Creditors and all Interest Holders, whether or not the Claims or Interests of such Creditors, or Interest Holders are impaired under the Plan, and whether or not such Creditors, or Interest Holders have accepted the Plan.

  H. The provisions of the Plan and this Order, including the findings of fact and conclusions of law set forth herein are nonseverable and mutually dependent.

  I. The automatic stay in effect in this case pursuant to Section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect; provided, however, that nothing shall bar the filing of financing documents or taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Plan or this Order prior to the Effective Date.

  J. Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in the Plan over all matters arising out of, and related to, this case and the Plan to the fullest extent permitted by law.

  K. Nothing in this Order or the Plan is intended to modify or violate 28 U.S.C. §157(d).

**END OF DOCUMENT**

Prepared and Presented by:

ELLENBERG, OGIER, ROTHSCHILD &
ROSENFELD, PC

*/s/ Barbara Ellis-Monro*
Barbara Ellis-Monro
Georgia Bar No. 246117
170 Mitchell Street
Atlanta, GA 30303
(404) 525-4000
(404) 526-8855 Facsimile
bem@eorrlaw.com
Counsel for the Debtor and
Debtor in Possession

Distribution List

Barbara Ellis-Monro, Ellenberg, Ogier, Rothschild & Rosenfeld, PC, 170 Mitchell Street, Atlanta, GA 30303

Office of the US Trustee, 362 Richard B. Russell Bldg., 75 Spring Street, S.W., Atlanta, GA 30303

# CERTIFICATE OF NOTICE

```
District/off: 113E-8              User: jaster                  Page 1 of 1                  Date Rcvd: Apr 13, 2010
Case: 09-22028                    Form ID: pdf521               Total Noticed: 5

The following entities were noticed by first class mail on Apr 15, 2010.
db           +Hidden Lake Academy, Inc.,    830 Hidden Lake Road,    Dahlonega, GA 30533-1875
aty          +Barbara Ellis-Monro,    Ellenberg, Ogier, Rothschild & Rosenfeld,    170 Mitchell Street, SW,
               Atlanta, GA 30303-3441
aty          +Ellenberg, Ogier, Rothschild & Rosenfeld, PC,    c/o Barbaba Ellis-Monro,    170 Mitchell St., SW,
               Atlanta, GA 30303-3441
aty          +James H. Morawetz,    Office of U.S. Trustee,    362 Richard Russell Bldg.,    75 Spring Street, SW,
               Atlanta, GA 30303-3315
ust          +Office of the US Trustee,    Suite 362,    75 Spring Street, SW,    Atlanta, GA 30303-3330

The following entities were noticed by electronic transmission.
NONE.                                                                                                 TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 9):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Apr 15, 2010**                    Signature:  _Joseph Speetjens_